UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CHARLIE JONES, | ) | CASE NO. 4:06 CV0629 |
| | ) | |
| Petitioner, | ) | JUDGE ANN ALDRICH |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On March 22, 2006, pro se petitioner Charlie Jones filed a petition for writ of habeas corpus in this court under 28 U.S.C. § 2241. He filed the petition against the United States of America and the warden at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"). He seeks to vacate, set aside, correct or void his sentence of 192 months. For the reasons set forth below, this petition is dismissed.

*Background*

Mr. Jones was indicted in the United States District Court for the Northern District of Ohio in 1992. United States v.Jones, No. 4:92cr0447 (N.D. Ohio filed Dec. 8, 1992). The indictment charged Mr. Jones with being a Felon in Possession of a Firearm in violation of

18 U.S.C. §§ 922(g)(1) and 924(e). Mr. Jones entered a plea of not guilty; and, following a bench trial before Judge David Dowd, Jr., the court determined that the government established its case against petitioner beyond a reasonable doubt and found the defendant guilty as charged. He was subjected to an armed career criminal enhancement under 18 U.S.C. § 924(e) and received a sentence of 192 months in prison. The appeals court affirmed the district court's judgment on April 28, 1995.

A motion to vacate sentence pursuant to 28 U.S.C. § 2255 was filed by Mr. Jones in the United States District Court for the Northern District of Ohio in 1995. Jones v. United States, No. 5:95cv1506 (N.D. Ohio filed July 11, 1995). Judge Dowd denied the motion on March 5, 1996. He appealed the district court's judgment to the Sixth Circuit on March 25, 1996. The Court of Appeals affirmed the district court's decision on December 26, 1996.

In August 1997, Mr. Jones filed a motion in the district court for resentencing. Judge Dowd denied the motion on September 29, 1997. More than two years later, he filed a motion to correct record and/or modify sentence on December 27, 1999. Judge Dowd denied the motion on January 14, 2000.

In a prior § 2241 petition, Mr. Jones cited Taylor v. United States, 495 U.S. 575, 602 (1990), in support of his claim that the convictions underlying his armed career criminal enhancement were not established at trial. See Jones v. Lamanna, No. 4:01CV1012 (N.D. Ohio filed Apr. 26, 2001). The district court denied the petition on the ground that he had not shown that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective. The decision was affirmed on appeal on December 27, 2001.

Less than one year ago, a petition for writ of habeas corpus pursuant to 28 U.S.C.

§2241 was filed in this court by Carolyn Carpenter on behalf of Charlie Jones. Jones v. United States, No. 4:05cv2828 (ND Ohio filed Dec. 7, 2005). In that petition, it was asserted that Mr. Jones "was illegally and subject to nullification, tried, convicted and sentenced to 192 months with an Armed Career Criminal enhancement on June 23, 1994." (Pet. at 3.) It set forth that he was "actually innocent" of violating 18 U.S.C. § 922(g), and, that he had newly discovered evidence that should have been known by counsel for the government, as well as his attorney. It was claimed that Mr. Jones did not become aware of his rights to this "claim" until the fall of 2003. The petition was dismissed for lack of jurisdiction by Judge Gwin on February 27, 2006.

In his present petition before this court, Mr. Jones again attempts to vacate his sentence. He argues that he is "actually innocent" based on his interpretation of 18 U.S.C. § 922(g), and that he was not a "prohibited person" as that term applied to the United States Sentencing Guidelines in effect at the time of his arrest.

He seeks this court's relief pursuant to § 2241 because he asserts that his remedy under 28 U.S.C. § 2255 would be inadequate and ineffective because he is time-barred. Moreover, he believes that is assertion of 'actual innocence' entitles him to pursue the safety valve provision of § 2241. For the reasons set forth below this action is dismissed.

*28 U.S.C. § 2241*

A. *Safety Valve*

Any claim by a federal prisoner seeking to challenge his convictions or the imposition of the sentence shall be filed pursuant to 28 U.S.C. § 2255 in the court that sentenced that prisoner. See Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979).

3

Claims seeking to challenge the execution or manner in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).

In some cases, however, a prisoner may find that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." When that circumstance arises, the statute provides a "safety valve" wherein a federal prisoner may challenge his conviction or imposition of sentence pursuant to § 2241 claim in the court which has personal jurisdiction over his custodian. Accord United States v. Hayman, 342 U.S. 205, 223 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir.1999) (per curiam).

B.      *Actual Innocence*

Thus far, the only circumstance in which the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. In Charles, the Sixth Circuit concluded that courts invoked the savings clause essentially to permit prisoners to submit claims of actual innocence that would otherwise have been barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214 (1996). See Charles, 180 F.3d at 756-57. Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir.2003).

An actual innocence claim requires "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24(1998); Hilliard v. United States,

4

157 F.3d 444, 450 (6th Cir.1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). The claims that Mr. Jones submits do not address his factual innocence. He challenges the court's application of the law in effect at the time he was arrested. Therefore, there was nothing to prevent him from raising these same arguments in earlier pleadings.

His argument that he is precluded from filing a § 2255 because it would be time-barred has already been foreclosed by the decisions of several circuit courts. Jackson v. Lamanna, No. 98-4550 (6th Cir., Aug. 12, 1999); see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986). Accordingly, Mr. Jones has not met his burden to prove that his § 2255 remedy is inadequate or ineffective.

Based on the foregoing, the petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: June 19, 2006**